T.C. Summary Opinion 2009-173


UNITED STATES TAX COURT


ANTHONY T. YOUNG AND KIMBERLEE M. YOUNG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5130-05S.                    Filed November 23, 2009.


Anthony T. Young, pro se.

<u>Alex Shlivko</u>, for respondent.


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect when the petition was filed.[1]  Pursuant to section

_____

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code of 1986, as amended, in effect for the year
in issue.  Rule references are to the Tax Court Rules of Practice
and Procedure.

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be cited as precedent for any other case.

In a notice of deficiency dated December 16, 2004, respondent determined a $6,962 deficiency in and a $1,392.40 section 6662(a) accuracy-related penalty with respect to petitioners' 2002 Federal income tax.

After concessions, the issues for decision are as follows: (1) Whether petitioners are entitled to a charitable contribution deduction; (2) whether petitioners are entitled to a deduction for employee business expenses; (3) whether petitioners are entitled to a deduction for expenses claimed on a Schedule C, Profit or Loss From Business, relating to a business identified as "GASY Investment Co."; and (4) whether petitioners are liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. At the time the petition was filed, petitioners resided in New York. Petitioners are and were at all times relevant married to each other. They filed a timely 2002 joint Federal income tax return.

During 2002 Anthony T. Young (petitioner), who holds a bachelor's degree in economics and has taken some courses towards

a postgraduate degree, was employed as a salesperson by Salomon Smith Barney, Inc. Kimberlee M. Young was employed as a veterinarian by Secaucus Animal Hospital.

On January 24, 2003, petitioners' residence and its contents suffered significant damages due to a furnace malfunction that allowed the water pipes in the house to freeze and ultimately burst. Petitioners were out of town at the time.

Petitioners are members of the Greater Faith Church of the Abundance in Haledon, New Jersey. During 2002 they made contributions in cash and property to that organization. The property contributions consisted of computer equipment, including monitors, central processing units, and keyboards.[2]

Petitioner prepared petitioners' 2002 joint Federal income tax return using a computer-based, income tax return preparation program. Before the return was filed, it was "reviewed and revised" by a paid income tax return preparer. The incomes earned and received from their respective employers are shown on Forms W-2, Wage and Tax Statement, and reported on the return. Included with petitioners' 2002 return are a Schedule A, Itemized Deductions, and a Schedule C.

---

[2]This is as specific a description as the record allows.

As relevant here, the following deductions are claimed on the Schedule A:

| Deduction | Amount |
|---|---|
| Cash gifts to charity | $1,923 |
| Gifts to charity other than cash | 4,843 |
| Employee business expenses | 34,240 |

According to petitioner, the cash gifts to charity consist in part of contributions to Greater Faith Church of the Abundance and in part of contributions to animal rescue organizations. According to a Form 8283, Noncash Charitable Contributions, included with petitioners' 2002 return, the gifts to charity made other than in cash were made to the Salvation Army in Secaucus, New Jersey, and consist of "clothing", "toys", "couch, chairs, dresser".[3] The employee business expense deduction relates to Kimberlee Young's employment as a veterinarian with Secaucus Animal Hospital.

The Schedule C relates to a business identified as "GASY Investment Co."; its principal business is shown as "Consultant/Brokerage Sales & Trading". Petitioner is listed as the proprietor of GASY on the Schedule C. No income is reported on the Schedule C; as relevant here the following deductions are claimed:

---

[3]See supra note 2.

| Deduction | Amount |
|---|---|
| Advertising | $2,781 |
| Car and truck expenses | 4,699 |
| Legal and professional services | 2,075 |
| Travel | 1,730 |
| Meals | 1,825 |
| Other expenses | 3,955 |

In the above-referenced notice of deficiency, respondent: (1) Disallowed the charitable contribution deduction; (2) disallowed the employee business expense deduction; (3) disallowed the above-listed deductions claimed on the Schedule C; and (4) imposed a section 6662(a) accuracy-related penalty. According to the notice of deficiency, petitioners failed to substantiate the amounts of the disallowed deductions. Other adjustments made in the notice of deficiency are computational and need not be addressed.

## Discussion

We begin by noting, as we have observed in countless opinions, that deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[4] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Commissioner, 292 U.S. 435, 440 (1934); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). A taxpayer claiming a deduction on a Federal income tax

_____

[4]Petitioners do not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate by adequate records that the expense to which the deduction relates has been paid or incurred.  See sec. 6001; <u>Hradesky v. Commissioner</u>, <u>supra</u>; sec. 1.6001-1(a), Income Tax Regs.

None of the deductions here in dispute have been adequately substantiated by any written records or documents admitted into evidence.  According to petitioner, his 2002 tax records were damaged, destroyed, or otherwise lost when the water pipes in his house burst in January 2003.[5]  Petitioner explained his failure to attempt to reconstruct any of the records upon his mistaken belief that the case had been settled.  According to petitioner, he did not learn otherwise until shortly before the trial date, and he did not have sufficient time to contact third parties in an attempt to acquire copies of canceled checks, etc. Sympathetic to petitioners' dilemma, the Court allowed the record to remain open for a substantial period to allow for the introduction of additional evidence by stipulation or further trial.  The parties apparently could not agree to any further stipulations, and neither party requested further trial.

---

[5]Set against evidence establishing the date of this event, petitioner testified that at the time he prepared the 2002 return (which is dated Apr. 15, 2003), his tax records, including records to support the deductions claimed on that return, were available to and relied upon by him.

As it stands, the evidence in this case consists of: (1) Petitioner's testimony; (2) a copy of petitioners' 2002 joint Federal income tax return; (3) a copy of the notice of deficiency that forms the basis for this case; (4) a copy of an invoice from petitioners' accountant showing that their 2002 return was "reviewed and revised" in April 2003; (5) documents demonstrating the damages to petitioners' residence as described above; and (6) a letter dated in 2005 from the pastor of petitioners' church acknowledging donations of computer equipment during 2002.

Petitioners are both well educated, and the manner in which petitioner proceeded at trial demonstrates that he is sophisticated in Federal income tax matters. That being so, we are satisfied that little discussion is required to support our resolution of each of the issues here in dispute.

Charitable Contribution Deduction

In general, section 170(a) allows a deduction for any charitable contribution made within the taxable year if properly verified pursuant to regulations promulgated by the Commissioner. The charitable contribution deduction claimed on the return and disallowed in the notice of deficiency consists in part of cash donations and in part of donations made in property. Petitioner testified that some of the cash donations were made by check, but no canceled checks were produced to support his testimony or the amount shown on the return.

With respect to the property donations, petitioner testified that from time to time during 2002 various items of clothing were left in containers placed by the Salvation Army.  He also testified that he donated computer equipment to his church, a donation evidenced by a letter from the church's pastor.  The donations made to the Salvation Army are shown on petitioners' 2002 return; the donation of computer equipment is not.

After careful review of the evidence, we find that petitioners are entitled to a charitable contribution deduction totaling $1,500.

Employee Business Expense Deduction

In general, section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  The term "trade or business" as used in section 162(a) includes the trade or business of being an employee.  Primuth v. Commissioner, 54 T.C. 374, 377-378 (1970); Christensen v. Commissioner, 17 T.C. 1456 (1952).  In general, an expense is ordinary if it is considered normal, usual, or customary in the context of the particular business out of which it arose.  See Deputy v. du Pont, 308 U.S. 488, 495 (1940).  In general, an expense is necessary if it is appropriate and helpful to the operation of the taxpayer's trade or business. See Commissioner v. Tellier, 383 U.S. 687 (1966); Carbine v. Commissioner, 83 T.C. 356, 363 (1984), affd. 777 F.2d

662 (11th Cir. 1985). The determination of whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

The employee business expense deduction here in dispute relates to Kimberlee M. Young, who did not attend trial or submit in any form any explanation regarding the circumstances giving rise to the expenses that underlie the deduction. When petitioner was asked on cross-examination whether his wife was required to incur the expenses in connection with her employment at the animal hospital he responded: "I don't know".

Absent sufficient evidence that the expenses were "necessary" in connection with Kimberlee M. Young's employment, and in the absence of any substantiating documents to support a finding that the expenses were paid or incurred, respondent's disallowance of the deduction is sustained.

Schedule C Deductions

Petitioner's description of what business activity he conducted as the proprietor of GASY Investment Co. was, at best, vague. The lack of specificity regarding the business activities, coupled with the absence of any substantiating documents to support the deductions in dispute, constrains us to sustain respondent's disallowances of those deductions.

Section 6662(a) Accuracy-Related Penalty

Section 6662(a) imposes an accuracy-related penalty of 20 percent of any portion of an underpayment of tax, if among other reasons, the underpayment is attributable to a substantial understatement of income tax.  Sec. 6662(b)(2), (d).  An understatement of income tax is a substantial understatement of income tax if it exceeds the greater of $5,000 or 10 percent of the tax required to be shown on the taxpayer's return.  Sec. 6662(d)(1).  Ignoring conditions not relevant here, for purposes of section 6662 an understatement is defined as the excess of the amount of the tax required to be shown on the taxpayer's return over the amount of the tax which is shown on the return.  Sec. 6662(d)(2)(A).  In this case the understatement of income tax is computed in the same manner as, and is equal to, the deficiency as redetermined taking into account the foregoing.  That amount will exceed $5,000.  See secs. 6211, 6662(d)(2).

Under section 7491(c) respondent has the burden of production with respect to the accuracy-related penalty under section 6662(a).  To meet that burden, respondent must come forward with sufficient evidence to show that imposition of the penalty is appropriate.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  We have sustained adjustments in the notice of deficiency that will give rise to a deficiency and underpayment of tax that exceeds $5,000 for 2002.

The accuracy-related penalty does not apply to any part of an underpayment of tax if it is shown the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). The determination of whether a taxpayer acted in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Petitioners bear the burden of proving that they had reasonable cause and acted in good faith with respect to the underpayment. See Higbee v. Commissioner, supra at 449. This they have failed to do. Respondent's imposition of the section 6662(a) accuracy-related penalty is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.